**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KELI P. MAY, SHARON SOUSA, and THOMAS BODOVINAC, individually and on behalf of others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC,<br><br>           Defendant. | Case No. 2:15-cv-02142-RFB-DJA<br><br>**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

Having fully considered the parties' Joint Motion for an Order Granting Final Approval of the Proposed Class and Collective Action Settlement of this case, and for Entry of a Final Judgment and Approval of the Proposed Award of Settlement Administrator's Fees; and the Plaintiff's Unopposed Motion for an Order Granting their Proposed Award of Attorney's Fees and Expenses and Service Awards to the Representative Plaintiffs, all supporting documents, and applicable legal authorities, the Court orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court adopts all defined terms as set forth in the Agreement for Settlement of Class Action and Release (hereinafter "Settlement Agreement"), and therefore all defined terms used herein have the same meaning as used in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, including Plaintiffs, all Class Members, and Defendant.

3. The Court confirms as final, for purposes of settlement only, the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, as defined in the Order Granting Preliminary Approval of Settlement, as:

> All hourly paid non-exempt persons employed by or formerly employed as security officers by Defendant Wynn Las Vegas, LLC at any time from October 14, 2012 through November 26, 2019.

4. Pursuant to F.R.C.P. 23(e), the Court grants final approval to the Settlement and finds that the Settlement, as modified and approved by this Order, is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Class Representative Service Award provisions. The Court finds, specifically, that the Settlement confers a substantial benefit to the Class Members, considering the nature of Plaintiffs' claims and the risks, expense, complexity, and duration of further litigation. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the respective sides, after thorough investigation, which supports approval of the Settlement in accordance with the standards set forth in the Joint Motion for Final Approval of Settlement. The response of the Class supports Settlement approval. Only two of the 1,349 identified members of the Class to whom the Notice of Class Action Settlement was sent, Brian R. Carter and Djibril Ly, who are not FLSA "opt in" plaintiffs, have excluded themselves from the Class and accordingly are not "Class Members" subject to the release of claims provided by this Order and are not bound by the Final Judgment entered by this Order.  No Class Members and no FLSA collective action "opt in" plaintiffs have filed objections to the Settlement.

5. The Court finds the Notice of Class Action Settlement was distributed to Class Members pursuant to this Court's prior order, and fully satisfied the requirements of F.R.C.P. 23 and any other applicable law.

6. The Effective Date of this Settlement will be the latter to occur of the following: (a) entry of this order approving the Settlement and the Class Counsel Award and the expiration of the period to file any appeal, writ, or other proceeding seeking appeal or other review of this order and (b) if an appeal, writ, or other proceeding is filed seeking appeal or other review of this order, that proceeding has resulted in no changes to the Settlement as outlined in the Settlement Agreement and

1  that proceeding has been dismissed finally and conclusively with no right to pursue further remedies
2  or relief.

3      7.    The Court finds that the Maximum Settlement Amount of $898,500.00 is within the
4  range of reasonableness and that this amount is fair, adequate, and reasonable as to all potential
5  members of the Class when balanced against the probable outcome of further litigation, and ultimately
6  relating to liability and damages issues.  Further, the Court finds reasonable the parties' agreement to
7  modify the terms of their originally proposed Settlement to have $139,874.17 of the Class Fund for
8  Distribution (Net Distribution Fund) that would have otherwise reverted to Defendant paid to the *Cy*
9  *Pres* beneficiaries designated in this Order.

10      8.    The Court confirms the appointment of Keli P. May, Sharon Sousa, and Thomas
11  Bodovinac as Class Representatives. The Court approves the Class Representative Service Award of
12  $15,000.00 each to Keli P. May, Sharon Sousa, and Thomas Bodovinac as set forth in the Settlement
13  Agreement finding such payment to be fair, reasonable, and appropriate in light of the services and
14  benefit to the class Keli P. May, Sharon Sousa, and Thomas Bodovinac have provided and the risks
15  they undertook to prosecute the class claims. The Claims Administrator will mail the Class
16  Representative Service Awards within twenty-one (21) days following the Effective Date.

17      9.    The Court confirms the appointment of Leon Greenberg of Leon Greenberg
18  Professional Corporation and Christian Gabroy of Gabroy Law Offices as Class Counsel and approves
19  their request of $269,550.00 in attorney's fees and of $4,453.29 in litigation costs as the Class Counsel
20  Award, finding such award to be fair, reasonable and appropriate after considering the nature of the
21  services provided by Class Counsel, the risk undertaken by them, the results they have secured for the
22  Class, and the costs and expenses they have incurred. The Claims Administrator must pay the Class
23  Counsel Award within twenty-one (21) days of the latter of the Effective Date and the date Class
24  Counsel provides an IRS W-9 to Defendant. Defendant will issue an IRS Form 1099 for this payment.

10. Having found the Settlement to be reasonable, the Court approves the establishment of the May Qualified Settlement Fund ("May QSF"), pursuant to Treasury Regulation 1.468B-1(c), by the Claims Administrator. The Court further approves the May QSF for purposes of (a) payment of the Awards to each of the Authorized Class Members, (b) deduction of the employee shares of federal employment taxes, (c) providing the appropriate tax payments and reports to the applicable federal agencies, and (d) issuance of the appropriate IRS Form W-2s. The Court maintains continuing jurisdiction over the May QSF until the Claims Administrator and Defendant have fully complied with this order and the Settlement Agreement.

11. Within ten (10) calendar days following the Effective Date, Defendant must fund the May QSF by paying to the Claims Administrator the Maximum Settlement Amount, minus the $139,874.17 directed by this Order for payment to the *Cy Pres* beneficiaries. The Claims Administrator will be responsible for the filing and reporting of the employer's tax obligations. Within thirty (30) calendar days following the Effective Date, Defendant must disburse the $139,874.17 in equal amounts, among the three (3) *Cy Pres* beneficiaries, the Nevada Partnership for Homeless Youth, Future Smiles, and F.E.A.T. – Families for Effective Autism Treatment, all of whom are IRS Section 501(c)(3) non-profit charities.

12. The Court finds that, as the date of this order, each and every Class Member who has not submitted a valid request to be excluded from the Settlement has waived and released claims against the Released Parties as more specifically described in the Settlement Agreement and the Notice of Class Action Settlement. The Court hereby permanently bars and enjoins all Class Members from prosecuting against the Released Parties any individual or class or collective claims released pursuant to the Settlement Agreement at ¶¶ 1.y, 1.z, and 26 upon satisfaction of all payments and obligations of Defendant in the Settlement Agreement.

13. The monetary amount of any Award checks issued to Authorized Class Members that are not cashed within 180 days following issuance will be sent to the Nevada State Treasurer's Office for Unclaimed Property.

14. The Complaint is dismissed with prejudice.

15. The Court retains jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED**.

Date: January 25, 2021

**RICHARD FRANKLIN BOULWARE II**
UNITED STATES DISTRICT COURT JUDGE

Approved as to Form and Content:

| GABROY LAW OFFICES | KAMER ZUCKER ABBOTT |
|---|---|
| By: /s/ Christian Gabroy | By: /s/ Scott M. Abbott |
| Christian Gabroy  #8805 | Scott M. Abbott  #4500 |
| Kaine Messer  #14240 | Jen J. Sarafina  #9679 |
| 170 S. Green Valley Pkwy., Suite 280 | Kaitlin H. Paxton  #13625 |
| Henderson, Nevada 89012 | 3000 W. Charleston Boulevard, Suite 3 |
|  | Las Vegas, Nevada 89102-1990 |
| LEON GREENBERG | Tel: (702) 259-8640 |
| PROFESSIONAL CORPORATION | Fax: (702) 259-8646 |
| Leon Greenberg  #8094 |  |
| 2965 South Jones Boulevard, #E-3 | Attorneys for Defendant |
| Las Vegas, Nevada 89146 |  |
| Tel: (702) 383-6085 |  |
| Fax: (702) 385-1827 |  |
| Attorneys for Plaintiffs |  |